No. 28,498.

Edward James McMillen, *Appellant,* v. Frank Foncannon, *Appellee.*

(276 Pac. 820.)

Opinion denying a rehearing filed May 4, 1929. (For original opinion of reversal see 127 Kan. 573, 274 Pac. 237.)

*W. H. Carpenter,* of Marion, *Humbert Riddle* and *Carl Judd,* both of Emporia, for the appellant; *C. C. McCullough,* of Brazil, Ind., of counsel.

*W. C. Harris, Owen S. Samuel,* both of Emporia, *Ralph T. O'Neil.* and *J. D. M. Hamilton,* both of Topeka, for the appellee.

The opinion of the court was delivered by

Harvey, J.: Counsel for appellee, in a motion for rehearing, express the fear that some of the language of our opinion may be construed as overruling previous decisions of this court in malpractice cases. Since the court had no intention of overruling its prior decisions, and would regard such an interpretation of its opinion as being unwarranted, perhaps a few words should be written.

The appeal was from an order sustaining a demurrer to evidence, and this court was compelled to construe the evidence as favorably to plaintiff as could reasonably be done; hence, what was said about the evidence was not a final judgment on what was established by the evidence, but was the view most favorable to plaintiff to be taken of it. What conclusion should be reached on these matters after a completed trial was not before the court, and our opinion did not attempt to deal with that. It is true, as appellee contends, that the evidence on behalf of plaintiff was meager, and it was especially weak in evidence of medical witnesses; after appointing physicians to examine plaintiff the court sustained objections to most of the questions asked them. There were two points in which the evidence, considered as favorably to plaintiff as could reasonably be done, and not being explained or contradicted, tended to show negligence of defendant.

First, the X-ray pictures tended to show a badly dislocated elbow, and plaintiff's evidence was to the effect that the elbow had not been

treated. Appellee argues that the X-ray pictures should not have been taken as establishing anything, for the reason that they were not explained by medical witnesses, and contends that laymen, even courts, are not competent to read an X-ray picture and determine what condition it really discloses. That may be true, of course, as to many X-ray pictures, but as to those dealing with location of the principal bones of the body, such as of the arm, and for the purpose of establishing their relative position, the pictures are of a character that anyone can get at least a tentative idea from them. The pictures in this case tended to show a dislocated elbow. That is as far as we attempted to decide the question.

Second, the plaintiff testified that when defendant discharged him as practically cured his arm was in such condition that if it were held horizontally the end would drop with its own weight. This tended to show that the broken bones of the forearm had not knit; hence, the reasonable inference to be drawn from that was that defendant was negligent in this respect. With the evidence tending to show negligence of defendant in these two respects, together with the evidence of a bad result, we thought it error to sustain the demurrer to the evidence under the authorities cited in the opinion. We adhere to that view; but nothing said in our opinion, or here, should be construed as the judgment of this court on the evidence after a completed trial of all the facts.

The motion for rehearing is overruled.